91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali ESCOBAR-CHAVEZ; Vilma Ena Del Carmen Soriano-Soza De
Escobar, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70076.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1996.*
Decided July 8, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The petitioners, who are husband and wife, seek review of an order denying their applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h).[1] The Board of Immigrations Appeals' ("BIA") denial of their applications is supported by substantial evidence, and the record does not compel a different conclusion. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1 (1992) (noting that to reverse the BIA's decision we must find that the evidence compels a different result); Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). Therefore, we deny the petition.
 
 
 4
 Under 8 U.S.C. § 1158(a), the Attorney General has discretion to grant asylum if the alien can establish that he is eligible for asylum. This requires a two-step inquiry. First, the applicant must establish his eligibility by showing that he qualifies as a "refugee." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). A "refugee" is defined as any person outside his country of origin, "who is unable or unwilling to return ... because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Once the applicant proves his eligibility, then the second question of whether the applicant is entitled to asylum is a matter of discretion. Kazlauskas, 46 F.3d at 905.
 
 
 5
 To show persecution the alien must present specific evidence that on account of one of the five enumerated categories, "(1) he or those similarly situated are at a greater risk than the general population and (2) that the threat to him is a serious one." Platero-Cortez v. INS, 804 F.2d 1127, 1130 (9th Cir.1986). Past persecution may establish eligibility for asylum. See Matter of Chen, Int.Dec. 3104 (BIA 1989). But absent a likelihood of future persecution, the past persecution must be sufficiently atrocious to warrant a discretionary grant of asylum. Kazlauskas, 46 F.3d at 906-07 (citing Matter of Chen, Int.Dec. 3104 (BIA 1989)).
 
 
 6
 To establish a well-founded fear of future persecution, the applicant must demonstrate both subjective and objective fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Subjective fear may be established through an applicant's credible testimony that he genuinely fears persecution. Id. Objective fear may be demonstrated with a showing by " 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)).
 
 
 7
 The BIA's conclusion that Escobar-Chavez has not established either that he suffered from past persecution, or that he has a well-founded fear of future persecution is supported by substantial evidence. Petitioner claims that the Sandinistas persecuted him because he was a pilot in Somoza's National Guard, and because he voiced opposition to the Sandinistas. His allegations of persecution include loss of employment, threats, reduction of his food and gas ration coupons, and vandalism of his home by the Sandinistas.
 
 
 8
 The record supports the BIA's determination that these incidents do not establish Escobar-Chavez's eligibility for asylum. Purely economic hardship can be sufficient to establish persecution, provided that it places the applicant at a "substantial economic disadvantage." Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969); Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988); Matter of Acosta, 19 I & N Dec. 211, 222 (1985) (persecution can consist of "economic deprivation or restrictions so severe that they constitute a threat to an individual's life or freedom"). Here, petitioner was continuously employed until the time he left Nicaragua. When the Sandinistas first took power he was employed training their pilots. After a short break while he was out of the country, he returned and worked as a fumigation pilot for a private company. He retained this position even after the company was taken over by the Sandinistas in 1985. AR 97-101. His instructors license was suspended at some point, but there is no evidence that it was suspended on account of any of the five factors. AR 115-16. Although he claimed his land was confiscated by the Sandinistas, he also testified that he still owns the land and that he continued to pay taxes on it until he left Nicaragua. AR 95-96. His food ration coupons and gas coupons were reduced or cut off altogether, but he was still able to buy food, albeit at a higher price. See Saballo-Cortez v. INS, 761 F.2d 1259, (9th Cir.1985) (denial of perquisites such as food discounts does not establish persecution). These allegations do not demonstrate that Escobar-Chavez was targeted individually, in a manner different from that of the general populace. Moreover, they do not establish persecution.
 
 
 9
 Furthermore, Escobar-Chavez has not shown a well-founded fear of future persecution. He attributes the harassment he suffered in the past to the Sandinistas. But since petitioner left Nicaragua the Sandinistas have been replaced by the government headed by Violeta Chamorro.[2] Although petitioner claims that the Chamorro government will not protect him because he is a former member of the Somoza National Guard, he presented no specific evidence to support this fear. Furthermore, even when the Sandinistas were in power, petitioner suffered very little at their hands, despite his professed opposition. He was placed under surveillance, his food and gas rations were reduced, and his home was ransacked. But he was never arrested or detained, nor was he ever physically harmed. And he was continuously employed in his chosen field as a pilot. Evidence shows that he was harassed and intimidated, but not that he was persecuted, or that he has a well-founded fear of future persecution.
 
 
 10
 We do not take lightly the harassment to which petitioner has been subjected. Nevertheless, the evidence does not compel us to reverse the BIA's determination that he has not met his burden to establish his eligibility for asylum. Because petitioner failed to meet the less stringent standard for asylum, he necessarily failed to satisfy the "clear probability" standard for withholding of deportation. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987); Acewicz, 984 F.2d at 1062.
 
 
 11
 Because substantial evidence in the record supports the BIA's denial of asylum and withholding of deportation, the petition is hereby DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Vilma Escobar's claim is derivative of her husband's petition. Therefore, we will refer to Ali Escobar-Chavez as the petitioner for purposes of this disposition
 
 
 [2]
 Petitioner requested that we take administrative notice of the 1993 Country Report for Nicaragua. However, our recent decision in Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996) (en banc), prevents us from considering such information when it is presented for the first time on appeal, and was not considered by the BIA